IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BETTY ANN MULLINS,

Plaintiff

v.                                                           CIVIL 08-1422 (JA)

DEPARTMENT OF LABOR OF PUERTO RICO, et al.,

Defendants

OPINION AND ORDER

This matter is before the court on motion in opposition to production of documents requested by plaintiff Betty Ann Mullins, filed by the defendant, the Department of Labor of Puerto Rico on September 1, 2010. (Docket No. 98.) The plaintiff responded to the defendant's motion on September 13, 2010. (Docket No. 99.) For the reasons set forth below, the defendant's motion is hereby DENIED.

I. Factual and Procedural Background

On August 19, 2010, during the discovery process, plaintiff requested an internal investigation report from the defendant.[1] (Id. at 1, ¶ 1.) The defendant objected to the plaintiff's request because the document was produced by their Legal Affairs Division, citing attorney-client privilege. (Id. ¶ 2.) On August 23,

---

[1] The request was made during the deposition of Ms. Lucila Vázquez-Iñigo. She is the Secretary of Legal Affairs and Norms for the defendant.

CIVIL 08-1422 (JA)                                  2

2010, both parties informed the court of this dispute via telephone conference. (Id. ¶ 3.)  At that point the court allowed for both parties to submit memoranda in support of their positions. (Docket No. 95.)

On September 1, 2010, the defendant submitted a motion in opposition to production of document requested by plaintiff.  (Docket No. 98.)  In essence, the defendant is claiming that the Internal Investigation Report, prepared by its Legal Division, is privileged information as work product of attorneys and, as such protected by attorney-client privilege. (Id. at 3.)  Further, the defendant believes that all communications between the Director of the Legal Affairs Division and the Secretary of Labor, as well as their subordinates and employees, should also be protected by attorney-client privilege because the communications are also part of the work product of attorneys.  (Id. at 3 & 7.)

On September 13, 2010, plaintiff opposed the defendant's.  (Docket No. 99.)  Plaintiff claims that the document is not subject to attorney-client privilege because it was not prepared in anticipation of litigation, but to ascertain who was responsible for the incident that the report pertained to.  (Id. at 3.)  Thus, the defendant believes that the document is discoverable.  (Id.)

## II.  ANALYSIS

"In origin, the work product privilege derives from the Supreme Court's decision in Hickman v. Taylor, 329 U.S. 495, 510-11 (1947), and focused at the

CIVIL 08-1422 (JA)                              3

outset on the materials that lawyers typically prepare for the purpose of litigating cases." United States v. Textron Inc., 577 F.3d 21, 26 (1st Cir. 2009). Federal Rule of Civil Procedure 26(b)(3) protects from discovery documents prepared "in anticipation of litigation".[2] Commonwealth of P.R. v. SS Zoe Colocotroni, 61 F.R.D. 653, 658 (D.P.R 1975). If a document is determined to be protected by the work product doctrine, the document is only discoverable if the opposing party shows a "substantial need" for the document to prepare for its case and that the party cannot, without "undue hardship," secure a substantial equivalent. Fed. R. Civ. P. 26(b)(3)(A)(ii). See Gerber v. Down E. Cmty. Hosp., 266 F.R.D. 29, 31 (D. Me. 2010). Parties are protected by attorney-client privilege:

> (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communication relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except protection be waived.

Rivera v. Kmark Corp., 190 F.R.D. 298, 302 (D.P.R. 2000).

The party asserting the privilege bears the burden of proof that privilege applies to the contested document. United States v. Wilson, 798 F.2d 509, 512 (1st Cir. 1986). The privilege does not attach to all work product by an attorney,

---

[2] Documents are not discoverable when they "are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A).

CIVIL 08-1422 (JA)                                        4

but "attaches only when the attorney acts in that capacity." Texaco P.R., Inc. v. Dep't of Consumer Affairs, 60 F.3d 867, 884 (1st Cir. 1995) (Outside counsel ceased to function in a legal capacity and functioned as regulators and could not invoke attorney-client privilege). "It is not enough to trigger work product protection that the *subject matter* of a document relates to a subject that might conceivably be litigated." United States v. Textron Inc., 577 F.3d at 29. Only work done in anticipation of or for trial is protected. Id. at 30. "Even if prepared by lawyers and reflecting legal thinking, '[m]aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision.'" Id. (quoting Fed. R. Civ. P. 26 advisory committee's note (1970)). Documents or other work product will not be afforded protection from discovery when "prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation." Id. (quoting Maine v. United States Dep't of Interior, 298 F.3d 60, 70 (1st Cir. 2002)). The work product privilege also does not apply to documents independently required by a statutory requirement. Id. at 26. To determine whether a document was created "in anticipation of litigation" the appropriate standard is whether the document was created "because of" existing or expected litigation and not whether litigation was the "primary factor" in the creation of the document a party

CIVIL 08-1422 (JA)                                5

seeks to have produced for discovery.[3]  Maine v. United States Dep't of Interior, 298 F.3d at 67-68.  The policy reason for using the "because of" test is that the "primary factor" test excludes documents containing analysis of expected litigation, if their primary function is to assist in making a business decision.  Id. at 68.  Thus, the "primary factor" test is at odds with the text and policy behind Rule 26, because it implies that documents prepared with a dual purpose of litigation and business do not fall within the protective scope of the Rule.  Id. at 68 (citing United States v. Aldman, 134 F. 3d at 1198-02).  Also, at minimum, an agency must "explain why the work product privilege applies to all portions of the document."  Church of Scientology Int'l v. United States Dep't of Justice, 30 F.3d 224, 237 (1st Cir. 1994).  Although "explanation requirements are not to be given a hypertechnical construction, they can neither be brushed aside nor satisfied by vague generalities."  Maine v. United States Dep't of Interior, 298 F.3d at 69.

In this case, the defendant claims that the document in question, an "internal investigation," was produced by its legal division acting in its capacity as "in house counsel" in anticipation of litigation.  The defendant further states that

---

[3]The "because of" test was enunciated in 1994 by Wright and Miller stating that documents are protected by the Rule when "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation." United States v. Aldman, 134 F.3d 1194, 1202 (2d Cir. 1998) (quoting Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, 8 Federal Practice & Procedure § 2024, at 343 (1994)).

CIVIL 08-1422 (JA)                                6

it is well established that in house counsel, including in house counsel's subordinates and employees are generally protected by attorney-client privilege. Specifically, the defendant believes that all communication between the Director of Legal Affairs Division of the Department of Labor and the Secretary of Labor are part of the work product of attorneys and thus protected by the attorney-client privilege. Defendant also claims that internal investigation reports, such as the one the plaintiff would like them to produce, have never been produced in either state or federal courts. The defendant alleges that to require production of the investigative report would set a dreadful and burdensome precedent for the Department of Labor and other agencies should this type of internal report be authorized for disclosure during discovery.

The plaintiff, on the other hand, contends that the internal investigation report is discoverable because the report was not produced in anticipation of litigation. The plaintiff claims that said report was only made to ascertain who was responsible for the incident[4] that the report relates to. As such, the plaintiff believes that the document is discoverable because it was not prepared in

---

[4] According to the plaintiff, the incident involved two-coworkers who assaulted the plaintiff and prevented her from leaving the Department of Labor premises. Management were allegedly present and the police were called. The plaintiff contends that she requested and received a protective order from the Court of First Instance of Carolina.

CIVIL 08-1422 (JA)                               7

anticipation of litigation and should be provided to the plaintiff for appropriate examination.

The defendant bears the burden of proving that the internal investigation report is a privileged document, and in this case fails to do so. United States v. Wilson, 798 F.2d at 512. In actuality, the defendant fails to show any evidence or facts that would make the document in question privileged. It is well settled that the work product privilege only attaches when an attorney is acting in his or her capacity as an attorney. See Texaco P.R. v. Dep't of Consumer Affairs, 60 F.3d at 884. In this case, the defendant does not make any demonstration that the Legal Affairs Division of the Department of Labor was acting in a legal capacity or was serving more of an administrative role in producing the report. To be protected by work product privilege, the moving party would need to show that the Legal Affairs Division was working in a legal capacity. Simply, the defendant has not shown that this is the case.

The defendant also does not demonstrate that the document was prepared in anticipation of litigation as opposed to being prepared in the ordinary course of business. There is no disagreement between the parties that work must be prepared in anticipation of litigation to be protected by the shield of work product privilege. To be prepared in anticipation of litigation, a document need only be created "because of" existing or impending litigation. Maine v. United States Dep't

CIVIL 08-1422 (JA)                                                8

of Interior, 298 F.3d at 67-68.  However, the defendant does not provide any information showing that this document was prepared because of impending or existing litigation not prepared in the ordinary course of business.  As the party seeking protection from the privilege, it has only made conclusory statements that the document was made in anticipation of litigation and has not offered facts, evidence or any other proof to support its contention.  Without such proof to support its position, the defendant has not successfully carried its burden of proof to show that privilege applies to the contested document.

Also, the defendant must "explain why the work product privilege applies to all portions of the document."  Church of Scientology Int'l v. United States Dep't of Justice, 30 F.3d at 237.  While the explanation requirement is not to be construed very strictly, the moving party can not brush it aside or satisfy this requirement with vague generalities.  Maine v. United States Dep't of Interior, 289 F.3d at 69.  Unfortunately for the defendant, it has not offered any explanation as to why the work product privilege applies to all portions of the document.  The defendant has offered reasons why producing the internal investigation report would create a burdensome precedent for it, overlooking that its burden is to show why the work product privilege does apply to the internal investigation report.  In doing so, the defendant claims that reports like the one in question have never been produced in any state or federal court.  If true, the defendant

CIVIL 08-1422 (JA)                                  9

does not offer any evidence or caselaw that shows this to be the case. The defendant also claims that "all communication" between the Director of the Legal Affairs Division and the Secretary of Labor are protected by the attorney-client privilege. This is an attempt to expand and distort the work product doctrine. For example, a document shared between them not prepared in anticipation of actual or expected litigation or prepared in the ordinary course of business would not be protected. See United States v. Textron Inc., 577 F.3d at 29-30. Nor would a document prepared pursuant to public requirements or a statute be protected under the work privilege doctrine. See id. at 26. In fact, protecting "all communications" between the Director of the Legal Affairs Division and the Secretary of Labor would itself set a dangerous precedent, by providing a level of protection inconsistent with Rule 26(b)(3). The reasons offered by the defendant do not show why the document is worthy of the protective shield of the work product privilege. The defendant's position is not supported by legal precedent and is not persuasive. Most importantly, the defendant does not explain why the work product privilege does apply to all portions of the internal investigation report.

### III.  CONCLUSION

For the reasons set forth above, defendant's motion in opposition of the production of a document is hereby DENIED.

CIVIL 08-1422 (JA)                              10

At San Juan, Puerto Rico, this 27th day of September, 2010.

                              S/ JUSTO ARENAS
                    Chief United States Magistrate Judge