IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BETTY ANN MULLINS,

Plaintiff

v.                                                                CIVIL 08-1422 (JA)

DEPARTMENT OF LABOR OF PUERTO RICO, et al.,

Defendants

OPINION AND ORDER

This matter is before the court on motion to strike defendants' motion for summary judgment filed by plaintiff on February 7, 2011. (Docket No. 125.) Plaintiff Betty Ann Mullins argues that the defendants filed their motion for summary judgment on February 4, 2011 and that the filing is tardy since the defendants were supposed to file the motion on January 31, 2011. Furthermore, the defendants were supposed to translate documents and requested an extension of 30 days to submit the same, that is, by March 7, 2011, which would place the filing of such documents one week before trial, which is currently scheduled for March 14, 2011. The defendants had requested an extension of time and plaintiff had opposed the same. (Docket No. 119.) Indeed, the defendants moved for an extension of time on January 31, 2011, barely but clearly within the time frame to seek such an extension. The defendants present valid reasons for the request, including the fact that an amended complaint was filed in October, 2010 and that

CIVIL 08-1422 (JA) 2

significant discovery was yet being completed in December, 2010. Furthermore, three days of plaintiff's deposition transcripts were received on January 26, 2011. In that motion, the defendants asked to file the motion on February 4, 2011. (Docket No. 118.) I granted that motion now for then on February 8, 2011. (Docket No. 127.)

There is a significant detail involved in the translation of documents which does not allow the motion for summary judgment to be considered without such translations. Simply put, the motion for summary judgment has not been perfected unless I choose to ignore the local rule on translations. See United States District Court for the District of Puerto Rico, Local Rules, Rule 5(g) (2009). I do not choose to ignore the local rule. There have been sufficient admonitions from the court of appeals cautioning, or indeed, prohibiting the reference to untranslated exhibits, Puerto Rico opinions, or testimony in the Spanish language without the corresponding English translation. See Ruiz-Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 85 n.8 (1st Cir. 2008); Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008); González-de-Blasini v. Family Dep't, 377 F.3d 81, 88-89 (1st Cir. 2004); see also First Bank P.R. v. Swift Access Mktg., Inc., 697 F. Supp. 2d 259, 260 (D.P.R. 2010). Furthermore, plaintiff has the right to expect that the court will not ignore its own local rule. Therefore, the motion filed by the

CIVIL 08-1422 (JA)                                            3

defendants deeming their motion for summary judgment unopposed (Docket No. 130) is DENIED.

Plaintiff is granted 14 days to reply in opposition to the motion for summary judgment, that period to run from March 7, 2011. Local Rule 7(b). If the translations are filed sooner, then the 14-day period will run from the date of the filing of the translations. Therefore, plaintiff's motion to strike defendants' motion for summary judgment (Docket No. 125) is DENIED.

In view of the above, the trial setting of March 14, 2011 is left without effect. It is my hope to rule on the motion for summary judgment prior to April 5, 2011.

At San Juan, Puerto Rico, this 24th day of February, 2011.

                                        S/ JUSTO ARENAS
                                        Chief United States Magistrate Judge