IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BETTY ANN MULLINS,

Plaintiff

v.

DEPARTMENT OF LABOR OF PUERTO RICO, et al.,

Defendants

CIVIL 08-1422 (JA)

OPINION AND ORDER

This matter is before the court on defendants' joint motion for contempt and for a temporary restraining order filed on February 18, 2011 (Docket No. 128) based upon plaintiff's having violated my Confidentiality Order of September 28, 2010. (Docket No. 105.) Notwithstanding the time for replying in opposition having passed, and notwithstanding the severity of the allegations in the motion, the same has remained unopposed.

> Pursuant to Local Rule 7(b), "[u]nless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, . . . the opposing party shall be deemed to have waived objection." *Local Rules of the U.S. Dist. Court for the Dist. of P.R.* Rule 7(b). The defendant did not file an opposition, therefore any objection is waived.

Brenford Envtl. Sys., L.P. v. Pipeliners of P.R., 269 F.R.D. 143, 146 (D.P.R. 2010).

CIVIL 08-1422 (JA)                              2

The defendants accuse plaintiff of making use of documents protected by the Confidentiality Order.  Plaintiff has approached employees, co-workers, superiors and officials with threats of filing suits and demands for "corrective action."  Specifically, plaintiff has forwarded various written communications to Department of Labor personnel demanding that the information included in a confidential internal investigation report ("report") be amended or in some manner stricken.  For example, on December 21, 2010, plaintiff sent a letter to the Secretary of Labor letting him know that she repudiates the report.  She demands retribution and sanctions based upon fabricated information.  Plaintiff also sent a similar letter to the Director of Human Resources.  A legal technician from the legal division received a letter from plaintiff which was similar in tone to the other communications.  On January 20, 2011, plaintiff was at a meeting of employees where she mockingly demanded to know where the Department was going to secure the funds to pay her complaint. On February 14, 2011, plaintiff forwarded letters to other employees threatening to file suit for the alleged incident which occurred on March 12, 2010 and which is the objected of the "report".  These facts are taken as true, particularly since they remain unchallenged and because the statements alluded to would be admissible in court proceedings under Federal Rule of Evidence 801(d)(2)(A).

CIVIL 08-1422 (JA)						3

There is no question that I have civil contempt authority in this case in accordance with the provisions of 28 U.S.C. § 636(e)(4).  See Kiobel v. Millson, 592 F.3d 78, 94 (2d Cir. 2010) (Leval, P. concurring).  And in exercising such authority, I exercise wide discretion in the choice of sanctions.  See Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 77-78 (1st Cir. 2002) (citations omitted).  The purpose of issuing a confidentiality order is in part to allow the parties not to suffer the limitations imposed by considerations of privilege and work-product, and to allow the free flow of sensitive discoverable material, the dissemination of which might have a chilling effect on the discovery process.  See, e.g., Mullins v. Dep't of Labor of P.R., 269 F.R.D. 172 (D.P.R. 2010).  That chill has come to pass here.  This conclusion is reached based upon the unchallenged statement provided by the defense.  Parties are bound by the orders of the court and they are also expected to obey such orders.  The orderly administration of justice does not invite mollycoddling a contumelious party.

In Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 49 (1st Cir. 2003), the court made comparisons to cases where dismissal with prejudice was justified:

> See, e.g., Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002) (protracted noncompliance with court orders, "in the teeth of explicit warnings," justified dismissal with prejudice); Chamorro [v. Puerto Rican Cars, Inc., 304 F.3d 1,] 4-5 [(1st Cir. 2002)] (dismissal justified where the plaintiff, despite being "suitably forewarned," nevertheless disobeyed a court order). . . . See

CIVIL 08-1422 (JA)                              4

>   Velázquez-Rivera [v. Sea-Land Serv., Inc.], 920 F.2d at 1078 (emphasizing the lack of fair warning to the plaintiff in reversing district court's dismissal for failure to prosecute).

Id. at 50.

"Prior to choosing the harsh sanction of dismissal, a district court should consider the 'broad panoply of lesser sanctions available to it,' such as 'contempt, fines, conditional orders of dismissal, etc.'" Crossman v. Raytheon Long Term Disability Plan, 316 F.3d 36, 39-40 (1st Cir. 2002) (quoting Richman v. Gen. Motors Corp., 437 F.2d 196, 199 [n.4] (1st Cir. 1971)).

Failure to reply in opposition to the motion for contempt and temporary restraining order reflects an odd degree of inertia and indifference that invites a finding of contempt under the circumstances. To issue to a temporary restraining order on top of a confidentiality order directing the parties in very specific terms on how to control the dissemination of sensitive discovery material is to rain on that which is already wet, a translation from a well-known adage here in Puerto Rico. Or as King John would say "To gild refined gold, . . . to smooth the ice, or add another hue unto the rainbow . . . is wasteful and ridiculous excess." William Shakespeare, King John, act IV, sc. 2. I believe dismissal would be too grave a sanction under the circumstances and at the present time. Indeed, it would result in error. Plaintiff is forewarned. Nevertheless, plaintiff is found in contempt of this court's order and directed to pay a fine in the amount of FOUR THOUSAND

CIVIL 08-1422 (JA)                               5

DOLLARS ($4,000) (which is less than the maximum fine allowed were she to have been adjudicated in criminal contempt), payable at the Office of the Clerk, no later than April 7, 2011.

      SO ORDERED.

      In San Juan, Puerto Rico this 29th day of March, 2011.

                                    S/ JUSTO ARENAS
                            Chief United States Magistrate Judge