IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BETTY ANN MULLINS,

Plaintiff

v.  CIVIL 08-1422 (JA)

DEPARTMENT OF LABOR OF PUERTO RICO, et al.,

Defendants

O R D E R

This matter is before the court on motion for reconsideration of my opinion and order of March 28, 2011 holding plaintiff in contempt for violating my confidentiality order of September 28, 2010. (Docket No. 148.) For the reasons set forth below, plaintiff's motion is granted in part and denied in part. "'[D]istrict courts enjoy broad latitude' in adopting and administering . . . local rules." Nepsk, Inc. v. Town of Houlton, 283 F.3d 1, 6 (1st Cir. 2002) (quoting Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 224 (1st Cir. 1994)); (citing Ramsdell v. Bowles, 64 F.3d 5, 7 (1st Cir. 1995)); see Moron-Barrads v. Dep't of Educ. of the Com. of P.R., 488 F.3d 472, 478 (1st Cir. 2007) (quoting McIntosh v. Antonino, 71 F.3d 29, 38 (1st Cir. 1995)). "In exercising that discretion, district courts may, where appropriate, 'demand adherence to specific mandates contained in the rules.'" Nepsk, Inc. v. Town of Houlton, 283 F.3d at 6 (quoting

CIVIL NO. 08-1422 (JA)                           2

Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d at 224).  This allows the courts to maintain control of their dockets and to administer justice efficiently and quickly.  See, e.g., Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002) ("To manage a crowded calendar efficiently and effectively, a trial court must take an active role in case management.").  Under the local rules of the United States District Court for the District of Puerto Rico, "[u]nless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." Local Rules of the U.S. Dist. Court for the Dist. of P.R. Rule 7(b).

The First Circuit has "made it clear that district courts may punish . . . dereliction in a variety of ways, including but not limited to the preclusion of untimely motions . . . . " Zegarra v. D'Nieto Uniforms, Inc., 623 F. Supp. 2d 212, 216 (D.P.R. 2009) (quoting Rosario-Díaz v. González, 140 F.3d 312, 315 (1st Cir. 1998)).  Plaintiff's request to reply in opposition to the motion seeking her contempt is denied.  The time to reply in opposition has passed.

"The fact that an attorney has other fish to fry is not an acceptable reason for disregarding a court order." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 5 (1st Cir. 2002); Monge v. Cortés, 413 F. Supp. 2d 42, 50 (D.P.R. 2006).  The First Circuit has consistently refused to accept a busy attorney's excuses as a valid

CIVIL NO. 08-1422 (JA)                3

reason for failing to oppose a motion.  See Tower Ventures, Inc. v. City of Westfield, 296 F.3d at 47 n.3; Méndez v. Banco Popular de P.R., 900 F.2d 4, 8 (1st Cir. 1990); Piñero Schroeder v. Fed. Nat'l Mortg. Ass'n, 574 F.2d 1117, 1118 (1st Cir. 1978) (per curiam).  Analogously, the same reasoning validly applies to ignoring our local rules.

Nevertheless, upon further reflection, the terms of the contempt order are modified.  Plaintiff is fined $500, and is to post an additional "contempt bond" in the amount of $1,500 at the Office of the Clerk, 150 Carlos Chardón Avenue, Room 150, Hato Rey, Puerto Rico, by April 7, 2011, at 3:00 P.M.  See, e.g., Imageware, Inc. v. U.S. West Commc'ns, 219 F.3d 793, 796 (8th Cir. 2000). Plaintiff is forewarned that any future infinitesimal violation of my confidentiality order will result in an appropriate sanction, considering plaintiff having received this warning and the warning of March 28, 2011. (Docket No. 147.)  The bond will be returned to plaintiff upon judgment being entered, assuming no further violations of the confidentiality order.

SO ORDERED.

In San Juan, Puerto Rico, this 5th day of April, 2011.

S/ JUSTO ARENAS
Chief United States Magistrate Judge