IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BETTY ANN MULLINS,

Plaintiff,

v.                                                    CIVIL NO: 08-1422 (CVR)

DEPARTMENT OF LABOR OF PUERTO
RICO, *et al.,*

Defendants.

## OPINION AND ORDER

### INTRODUCTION

On April 11, 2008, plaintiff Betty Ann Mullins ("plaintiff Mullins") initiated this action and thereafter filed an Amended Complaint on October 26, 2010. (Docket Nos. 1 & 109). Plaintiff Mullins therein claims defendants, including her employer the Department of Labor, a Puerto Rico government agency, and co-defendants who were supervisors and/or employees therein, discriminated against her and continue to violate her rights on the basis of sex as provided by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*. (Docket No. 109, at 7-8, ¶ 32). Plaintiff Mullins also submits defendants have allegedly withheld her rightful employment benefits in violation of the law and have discriminated on the basis of her age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (Docket No. 109, at 8, ¶¶ 34-39.) Plaintiff further claims discrimination in violation of the Americans with Disabilities Act, ("ADA") 42 U.S.C. § 12101 *et seq.* (Docket No. 109, at 8-9, ¶¶ 40-44.) Plaintiff's final federal cause of action is for discrimination in violation of the Equal Pay Act, 29 U.S.C. §

206 (d). (Docket No. 109, at 11, ¶¶ 58-61).[1] The latter is premised in that defendants have allowed for male co-workers, having less experience and lower qualifications, to receive the same and/or higher pay and responsibilities.

Plaintiff invokes this court's supplemental jurisdiction under Title 28, United States Code, Section 1367. Plaintiff Mullins alleges discrimination in violation of Puerto Rico Law 115, 29 L.P.R.A. § 194 *et seq*, Law 100 and Law 69. Defendants allegedly violated Puerto Rico Law 44, 1 P.R.L.A. § 501 *et seq*. Finally, plaintiff invokes supplemental jurisdiction under the general Puerto Rico tort statutes, Article 1802 and 1803 of the Puerto Rico Civil Code.

Plaintiff Mullins is a fifty-two year old female, (fifty-five in defendants' submission) who works as a mediator of labor conflicts with the Puerto Rico Department of Labor holding at the present the rank of "Level IV" mediator, which is the Labor Department's highest. She has submitted being discriminated since the year 2004 for her male colleagues have received preferential placement in arbitration and mediation proceedings, unfair wage increases and professional advancement opportunities although they held junior positions when compared to plaintiff. Plaintiff further submits discrimination because of her age since 2004. (Amended Complaint, Docket No. 109).

Plaintiff Mullin's complaint of discrimination because of disability is premised on having been diagnosed with stress-induced "burn-out" and emotional conditions as to

---

[1] The Seventh Cause of Action as to Equal Pay violation avers that, in spite of plaintiff's professional and superior performance, defendants have given male employees, with less experience and qualifications, better terms and conditions of employment than those given to plaintiff. (*Amended Complaint ¶60*). Defendants have discriminated by providing male co-workers with a higher pay level and/or higher compensation for the same duties and responsibilities performed by plaintiff. (*Id. ¶61*).

Betty Ann Mullins vs. Department of Labor, et al
Civil No. 08-1422 (CVR)
Opinion and Order
Page No. 3

which defendants are alleged to have made disparaging comments about plaintiff's health conditions which exacerbated her symptoms. Upon plaintiff seeking protection from above complaints, she was subject of alleged retaliation when defendants diminished her professional standing by making detrimental comments in front of co-workers. Plaintiff has also been denied benefits and equal pay. As a result of all the above, plaintiff Mullins submits defendants have created a hostile work environment through threats and negative comments. (*Id*.).

Defendants Department of Labor, Ramón Velasco-González, Angel F. Ferrer-Cruz, Andrés Espinosa-Ramón, Sandra Arroyo-Dávila, Madeline Meliá-Muñoz, and José Colón-Burgos filed a Joint Motion for Summary Judgment. It is defendants' contention that summary disposition of plaintiff Mullins' claims is appropriate because the allegations and the proffered evidence do not support any of the claims raised by plaintiff and should be dismissed. (Docket No. 120). These defendants attached the corresponding Statement of Uncontested Facts and the Memorandum in Support. (Docket Nos. 123 and 124).[2]

Plaintiff Mullins submitted the opposition to defendants' request for summary judgment, with the corresponding statement of undisputed facts and the memorandum. After the request to strike the response was denied, the pending motion for extension of time of March 18, 2011, was entertained and resolved by this Magistrate Judge. (Docket Nos. 135 and 157). It is now proper to resolve the pending Motion for Summary Judgment.

---

[2] Upon retirement of former Chief Magistrate Judge Justo Arenas this consent case and the pending motions were reassigned to this Magistrate Judge. (Docket Nos. 152 and 153).

Betty Ann Mullins vs. Department of Labor, et al
Civil No. 08-1422 (CVR)
Opinion and Order
Page No. 4

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).[3]

Pursuant to the language of the applicable rule, as amended in 2010, the party bears the two-fold burden of showing that there is "no genuinely disputed." The party may also sow that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997) since the standards for granting summary judgment remains unchanged under the 2010 amendments.

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id.* Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder,

---

[3]    On April 28, 2010, the Supreme Court of the United States approved amendments to Federal Rule of Civil Procedure 56, effective December 1, 2010.   The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases. *See* Ophthalmic Surgeons, Ltd. v. Paychecx, Inc., 632 F.3d 31 (1st Cir. 2011).

examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id.*

At all times during consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1ˢᵗ Cir. 1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1ˢᵗ Cir. 1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1ˢᵗ Cir. 1997).

## DEFENDANTS UNCONTESTED ISSUES OF FACTS

Plaintiff Mullins has worked since 1996 as a Mediator/Arbritrator Level IV. She has worked at the Department of Labor, Bureau of Conciliation and Arbitration ("Arbitration Bureau"), since September 2, 1988, for approximately twenty-two (22) years. She holds the highest rank mediator/arbitrator at the Arbitration Bureau. (*Defts' Uncontested ¶¶1-3; Exhibit 2, plaintiff Mullin's depo. pp. 28, 29*).

Plaintiff also holds the third highest salary at the Arbitration Bureau and those who earn more money than plaintiff have been in public service for a longer period than she has. (*Defts' Uncontested ¶¶4-5; Exhibit 3, Human Resources Certified Table*). There are currently twenty-two (22) mediators/arbitrators at the Arbitration Bureau; ten (10) are

men and twelve (12) are women.  (*Deft's Uncontested ¶6; Exhibit 4, Madeline Meliá's sworn statement*).   There are some ten (10) mediators/arbitrators over forty (40) years of age. (*Defts' Uncontested ¶7; Exhibit 4*).

Plaintiff Mullins is the third mediator/arbitrator with most seniority but in term of years of experience there are six (6) individuals with more experience in the public service than plaintiff, both male and female, who started their careers in public service in other areas of the Department of Labor or government agencies.  (*Defts' Uncontested ¶¶8-10; Exhibits 3, 4*).  Seniority is one of the factors taken into consideration in the Department of Labor to calculate salary, but not the only one, which include also education, work experience and performance. (Defts' Uncontested ¶11; Exhibit 3).

Plaintiff Mullins has submitted to suffer from several health conditions to include; depression, anxiety, sensitivity to sun light, allergies, asthma and respiratory conditions, carpal tunnel, knee disability for non-related work accident, lumbar and cervical pains, and kidney disease.  (*Defts' Uncontested ¶12; Exhibit 2, plaintiff's depo. p.  59; Exhibit 5, plaintiff's depo. pp. 111-112, 114, 115, 116, and 117-118*).  Plaintiff's various requests for reasonable accommodations, such as change of office, use of ergonomic chair, placement of air and solar filters, change of parking space and working from her home, as well as change in secretary, were granted.  (*Defts' Uncontested ¶¶14-16; Exhibit 2, pp. 58-60, 62, 72-73, 85-87; Exhibit 6, letter 4-2004; Exhibit 7, letter 11-5-2007; Exhibit 8, letter 7-5-2005; Exhibit 9, letter 10-31-2005; Exhibit 10, Ombudsman' Resolution; Exhibit 11, letter 7-6-2005*). In addition, plaintiff Mullins' requests for leave of absence were also granted. (*Defts' Uncontested ¶17; Exhibit 12, plaintiff's leave requests*).

Plaintiff Mullins has filed numerous claims, grievances, complaints and actions, both administratively and with external forums to include alleged violations of norms by other employees, to the merit system, to her job description and OP-16 form; challenges to varying position appointments, failure to use her as resource for conference and training, and complaints for poor work conditions. (*Defts' Uncontested ¶13; Exhibit 13, plaintiff's statement*).

During her twenty-two (22) years tenure, justified employment actions were taken as to plaintiff for insubordination, interpersonal relations with co-workers and defiance of superiors to include:

a) written warning by Mr. Angel Ferrer of December 6, 2004 for gross insubordination for refusing to organize her workspace and maintain a clear work area; (*Defts' Uncontested ¶19; Exhibit 14*).

b) written warning of October 17, 2005, infraction to rules of conduct upon being disrespectful to co-workers; (*Id., Exhibit 15*).

c) verbal warning of July 20, 2006 for improper work attire by using gym clothes and sneakers; (*Id., Exhibit 16-A*).

d) written reprimand of August 16, 2006 by former Secretary of Department of Labor Román Velasco, for plaintiff's unauthorized communication with the Arbitration Bureau's personnel by distributing memorandum belittling the supervisor's action or order; (*Id., Exhibit 16-B; and 16-C, 16-D*);

e) denial of salary increase of $175.00 authorized by the Secretary because of unsatisfactory job performance; (Exhibits 17-A, 17-B, 17-C).

Betty Ann Mullins vs. Department of Labor, et al
Civil No. 08-1422 (CVR)
Opinion and Order
Page No. 8

f) Letter of intention of November 18, 2008 to impose disciplinary measure by Román Velasco for leaving the premises without authorization, which is not final. (*Exhibit 18; Exhibit 19, Meliá's depo. pp. 81-82*);

g) Summary suspension of March 15, 2010 by Román Velasco for altercation between plaintiff and co-workers on March 12, 2010; written reprimand for said incident; (*Exhibits 20, 22*).

Plaintiff Mullins has had several interpersonal problems with her co-workers, including: María Aponte, Elizabeth Guzmán, Mariela Chez, Lillian Aulet, Ruth Couto, Benjamín Marsh, Idabell Vázquez, Lourdes Del Valle, Janet Torres, Milagros Rivera and Evelyn Pratts. (*Defts' Uncontested ¶20; Exhibit 5, plaintiff's depo. pp. 195, 201-203*).

Plaintiff Mullins is second in terms of the amount of cases assigned to arbitrators/mediators and has over three hundred (300) cases assigned. (*Defts' Uncontested ¶21; Exhibit 23, report Arbitration Bureau on Distribution of Arbitration Cases*).

Plaintiff Mullins has had problems with her productivity and work performance since the year 2000, notwithstanding her claims of excellence and capability to carry out her duties. (*Defts' Uncontested ¶24; Exhibit 24, letter to plaintiff regarding poor productivity; Exhibit 19, Meliá's depo. pp. 46-48, 50; Exhibit 25, Angel Ferrer's depo. pp. 53-55*).

In July 2009, plaintiff's immediate supervisor José Colón Burgos attempted to meet with her for the performance evaluation of July 2009-June 2010, but was unable for plaintiff mutilated and wrote over the form with "Null" all over the document and making

her own statements for denying to comply with the evaluation process. (*Defts' Uncontested ¶26; Exhibit 26*).

Plaintiff Mullins competed for the position of Sub-director of the Arbitration Bureau. The position was given to Mr. José Colón Burgos, a black male, who is over forty (40) years of age and who received higher grading during the selection process. (*Defts' Uncontested ¶36; Exhibit 28, List of Eligible Persons with positions and [grade] punctuation*).

Plaintiff Mullins competed for the position of Executive Director IV of the SINOT Program. The position was given to Mr. José R. Nazario Ortíz, who is a veteran and under Puerto Rico Bill of Rights Law has preference over other applicants. (*Defts' Uncontested ¶37; Exhibit 21, List of Eligible Candidates*).

Plaintiff Mullins has admitted she has never been interested in obtaining the position of Director of the Arbitration Bureau. (*Defts' Uncontested ¶38; Exhibit 5, p. 206*). Mr. Angel Ferrer, herein defendant, with an extensive career in public service, holding experience and professional background was a more than qualified candidate for the trust position of Director. (Defts' Uncontested ¶39; Exhibit 25, Ferrer's depo. pp. 8-11).

Mr. José Colón Burgos was designated Sub-director of the Arbitration Bureau under the Merit Principle, Law No. 184 --Merit Principle ruling selection and designation of candidates for public service positions-- after competing for the position, being in the List of Eligibles. (*Defts' Uncontested ¶40; Exhibit 28, List of Eligibles*).

There is no need to designate an Acting Director when the Director is out of the Office unless the Sub-director is also absent. (*Defts' Uncontested ¶42; Exhibit 29, Alexander Rivera's sworn statement*). The position of Interim Director referred to by

plaintiff, one serving in the absence of both the Director and Sub-director, is simply an Acting Director covering the position for a short period of time and is a trust position of the current Director.  (*Defts' Uncontested ¶¶43-45; Exhibit 29*).  The appointment of an Interim Director is one to be made in a formal written document signed only by the Secretary of Labor.  (*Id*.).

On August 14, 2006, plaintiff Mullins requested a protective order from the Court of First Instance, Carolina Part, as to an employee of the Arbitration Bureau, Lourdes Del Valle.  Angel Ferrer, Miguel Rivera, María Aponte and Elizabeth Guzmán attended the hearing upon being requested as witnesses in the events and upon letter request of Del Valle's legal representative.  (*Defts' Uncontested ¶46; Exhibits 30, 30-A*).

On March 12, 2010, Ms. Mullins requested another protective order as to two (2) co-workers, Mariela Chez and Lillian Aulet.   The Court requested the presence of representatives of the Labor Department and Ms. Rina Crespo, Auxiliary Secretary of Human Resources, attended.  (*Defts' Uncontested ¶47; Exhibit 32*).

Plaintiff Mullins has destroyed, altered or mutilated official documents on several occasions in contravention to the Rules of Conduct and Procedure adopted in January 15, 2000.  (*Defts' Uncontested ¶¶48-49; Exhibits 26, 33*).

The Addendum to the Rules of Conduct refers to violation by employees upon being disrespectful to supervisor, co-workers or citizens; insubordination; failure to comply with rules and inappropriate conduct in or outside the job. (*Defts' Uncontested ¶50; Exhibit 33*).

The corrective measures established by said Rules of Conduct refer to disciplinary action upon infringement, to include, written admonishment, written reprimand,

suspension from work and salary and remotion of the employee. (*Defts' Uncontested ¶51; Exhibit 33*).

Plaintiff Mullins complained about noises from other employees' meetings at the next-door office of Ms. Mariela Chez alleging these affected plaintiff's concentration and peace. (*Defts' Uncontested ¶52; Exhibit 5, plaintiff's depo. pp. 185, 186*).

Upon his new appointment as Interim Director of the Arbitration Bureau, Mr. Angel Tanco Galindez knew about the situations and was taking measures to alleviate the existent personnel problems. (*Defts' Uncontested ¶53; Exhibit 35 Tanco-Galindez' agenda November 16, 2009*).

On February 3, 2010, plaintiff Mullins sent e-mail to Deputy Secretary, Attorney Elvira Cancio, to check up on a group of employees who were allegedly holding meetings, goofing around and wasting time at work, requesting not to inform Attorney Lucila Vázquez, Secretary of Legal Affairs and Rules, in violation of the channels of communication at the Department of Labor. (*Defts' Uncontested ¶¶5754; Exhibit 36, plaintiff's e-mail; Exhibit 37 Lucila Vázquez' depo. pp. 9, 25-26*).

Attorney Cancio sent an e-mail to the Director of Bureau of Arbitration, Mr. Angel Tanco, in regards to plaintiff Mullins' communication and requesting to instruct employees the correct channels of communication. (*Defts' Uncontested ¶58; Exhibit 36, Atty. Cancio's e-mail of 2-3-2010*).

On February 4, 2010, Mr. Tanco wrote a warning letter to plaintiff alerting as to the use of the chain of command and proper channels of communication, which was first her immediate supervisor, the Sub-director of the Arbitration Bureau Mr. José Colón Burgos

and then Mr. Tanco, as Interim Director.  Mr. Tanco also wrote on same date to Attorney Cancio about having taken the necessary measures and requesting her support, as well as of Attorney Lucila Vázquez, on the action taken as to plaintiff Mullins.  The letter, which was not first consulted with the receivers, was received by Ms. Lucila Vázquez the next day, February 5, 2010.  (*Defts' Uncontested ¶¶59, 60; Exhibit 37, Mr. Tanco's e-mail; Exhibit 36, Tanco's letter*).  Mr. Tanco was taking action to address the interpersonal problems and meetings with employees in the next door office.  He also met with Industrial Psychologist to alleviate tensions between employees, to wit, plaintiff Mullins, Mariela Chez and Lillian Aulet.  Mr. Tanco held meetings with Attorney Vázquez and provided copies of all the actions taken to dissipate the conflicts between co-workers mentioned above.  (*Defts' Uncontested ¶¶61-63; Exhibits 38-39*).

On March 12, 2010, an incident transpired between plaintiff Mullins and co-workers Mariela Chez and Lillian Aulet outside Mr. Colón Burgos' office where the three (3) employees were engaged in a heated argument.  The employees were involved in unruly conduct, verbal assault, shouting, name calling and some shoving, as a result of the friction between them for the past few months.  The three (3) employees demonstrated lack of professionalism and self-control, unacceptable and improper behavior of employees. (*Defts' Uncontested ¶¶64-65; Exhibit 40, Legal Technician Yolanda Acevedo's report of investigation*).  The Puerto Rico Police went to the Bureau of Arbitration to investigate and to conduct interviews about the incident but found no reason to file a complaint nor charges for it was a matter to be resolved by the employer.  (*Defts' Uncontested ¶66; Exhibit 5, plaintiff's depo. pp. 253, 255*).

Betty Ann Mullins vs. Department of Labor, et al
Civil No. 08-1422 (CVR)
Opinion and Order
Page No. 13

The Department of Labor took immediate action as to the above incident. Attorneys Vázquez and Cancio, and Alexander Rivera went to the 7th Floor to take care of the situation. Rina Crespo requested an investigation and reports from all witnesses, including plaintiff. (*Defts' Uncontested ¶67; Exhibit 41, Crespo's depo. p. 73; Exhibit 42, Elvira Cancio's depo. pp. 26-27*).

On March 15, 2010, the Secretary of Labor took emergency action as to the incident and summarily suspended for two (2) weeks the three (3) employees involved, including plaintiff Mullins. The employees were equally sanctioned and the action was aimed to prevent any more incidents among them, allowing time to make arrangements to separate them at the office and was in conformity with the Rules of Conduct. (*Defts' Uncontested ¶¶68, 69, 70, 71; Exhibit 20, letter of suspension; Exhibit 33, Rules of Conduct*).

Benjamín Nash, Arbitrator/Mediator IV, expressed an opinion and concern as to the March 12, 2010 incident between the three (3) employees and published it in the bulletin board. This action was not taken nor endorsed by the administration and he was sent a letter of reprimand about similar action in the future that may entail disciplinary action. (*Defts' Undisputed ¶72; Exhibit 44, Mr. Tanco's letter supporting the decision of the Secretary to suspend the three employees*).

The Secretary, thereafter, issued the letter of reprimand to all three (3) employees for the specific violation incurred in the incident of March 12, 2010, advising any future conduct will be dealt more severely. (*Defts' Undisputed ¶77; Exhibit 22, letter reprimand 6-28-2010*).

In accordance with above uncontested facts[4], defendants submit the Department of Labor and individual defendants have acted in accordance with the rules and regulations, and any action claimed by plaintiff Mullins as discriminatory was done in the interest of proper management of the Department. Defendants further aver plaintiff's claims are but conclusory allegations, improbable inferences and unsupported speculation, weaving a conspiracy where none exists and failing to meet her burden.

Succinctly, defendants submit as uncontested the act that plaintiff Mullins has applied and has received reasonable accommodation on several occasions as to all her requests. As to the plaintiff's various miscellaneous claims of other employees' misconduct, violation of norms, lack of proper supervision and general mistreatment, these complaints have been lodged, entertained and given due attention, regardless that the end result is not personally satisfactory to plaintiff. Any adverse employment action perceived by plaintiff Mullins was motivated by her work performance and general insubordination.

There is no disparate treatment which may be established for plaintiff Mullins is the highest ranking among the paid mediator/arbitrators at the Department, in comparison to any other employee, male or female. She is also second in terms of caseload assigned, of varying complexity, with some three hundred (300) cases, which is equal or greater than any male or female, younger or older mediator/arbitrator. The only denial of pay increase of $175.00 in the year 2004, was based on a performance evaluation as to which plaintiff

---

[4]  On March 7, 2011, the corresponding translations in the English language of these exhibits attached to defendants' uncontested issues of material fact were filed. (Docket No. 134).

was sanctioned for insubordination and certified that she did not qualify for the pay increase.

## PLAINTIFF'S UNCONTESTED ISSUES OF FACTS

Plaintiff Mullins' response in opposition and the response to defendants' statement of uncontested facts admitted, for the most part, the events referred to by defendants above summarized.  However, plaintiff  assigns these events as a result of a hostile work environment and her perceived discrimination in the assignment of cases, both in numbers and complexity, which would not allow her to fulfill the numbers for the required performance.  Plaintiff also avers retaliation acts upon not being considered for higher positions to which she applied, without reference to support the improper selection of other candidates.  Plaintiff also claims as retaliation the suspension for the incident of March 12, 2010, when she considers to be the victim of her co-workers, regardless all those involved were similarly sanctioned.

Plaintiff Mullins' submission as to disability discrimination refers to events that transpired long before she had submitted the instant complaint in May of 2004 when she had filed a complaint as to workplace conditions with OSHA. (*Plaintiff's Uncontested ¶65*). Defendants have submitted as uncontested the various accommodations which were provided upon plaintiff Mullin's request for her health conditions.  Plaintiff had requested leave in 2005 because of a broken leg and wanted to take compensatory time, which was denied and granted instead regular leave absence.   She submits this allegation under the title of retaliation, discrimination and bad faith, without more.  (*Id.* ¶78).

Betty Ann Mullins vs. Department of Labor, et al
Civil No. 08-1422 (CVR)
Opinion and Order
Page No. 16

Plaintiff Mullins makes reference to actions of co-defendant Angel Ferrer as being unlawful in meeting with other employees and providing an open forum for other employees with inferior classification and experience. It is considered that some verbal expressions towards plaintiff had been therein made, without reference to any witness as to these expression or their content. Plaintiff avers, however, these were unprofessional comments by employees who were allowed and consented to by said co-defendant. The comments are for the most part claimed to be disrespectful. (*Plaintiff's Uncontested ¶¶66-67*).

Plaintiff Mullins rebuts the reprimand referred to by defendant for not keeping her office clean as hostile and harassing, referring to having things in their place and files on her desk because she was working with them. (*Plaintiff's Uncontested ¶69*). Plaintiff acknowledged in one instance in December of 2004 she grabbed a heavy tape dispenser to diffuse what she refers to as Mr. Ferrer's aggressive behavior and having filed a complaint with the Police as to the event. (*Id. ¶70*). Retaliation for this complaint is referred thereafter as having been denied the privilege of Christmas shopping hours which was traditionally allowed to employees. (*Id. ¶72*).

Plaintiff Mullins refers to other situations in which she filed complaints against some co-workers for the perceived unsatisfactory behavior and the administration failed to take action.[5] She also refers to acts by some anonymous employees in 2004 when one left a pack

---

[5]   Plaintiff's claims include that someone left a newspaper clipping on a chair with the word "suicide" and a picture of an older lady with a rum bottle on the back of her door office that were attributed to anonymous individual, not herein defendants. (Plaintiff's Uncontested ¶¶179, 181).

of incenses with a derogatory message and blames some employees who were in the area and co-defendants José Colón Burgos and Madeline Melia for failing to take action.

Plaintiff submitted her sworn statement of  uncontested  facts as part of the memorandum, and attached in support of these contentions the deposition testimonies of plaintiff Mullins, Mr. Tanco and Mr. Colón Burgos. (*Plaintiff's Exhibits 1-7*).

Plaintiff Mullins has not rebutted defendants' submission that, of the twenty-two (22) mediators/arbitrators in the Mediation Bureau, plaintiff Mullins is the third highest paid in the Bureau and she held the highest rank of Mediator/Arbitrator IV.  There were others who had been in public service for a longer period than plaintiff and at least six (6) have more experience in the public service than plaintiff, male or female.  In addition, approximately ten (10) arbitrators are over forty-years of age. (*Defts' Uncontested ¶¶4-9*). Thus, insofar as plaintiff's claims of unequal pay, these claims are not substantiated by plaintiff's claims in the Amended Complaint nor by her opposition to defendants' motion.

Insofar as complaints that, although her production was low, as claimed by defendants, same was due to the cases assigned to her were disproportionate and the number artificially inflated, plaintiff submits her own statement as to such contention, without more. (*Plaintiff's Uncontested ¶¶7-8, Docket No. 145-1*).  Although plaintiff also submitted Mr. Tanco's deposition, as to the reasons for her low production being credible, Mr. Tanco's testimony does not engage in there being an unlawful discriminatory animus. In fact, Mr. Tanco refers as the possible reasons proposed by counsel were due to plaintiff's absence from work because of illness, the cases assigned were not heard because of negotiations and the work environment affected her performance. (*Plaintiff's Uncontested*

*¶ 11, Exhibit 2, Tanco's depo. pp. 45-46*).  The one instance where plaintiff was not awarded by defendant Angel Ferrer the extended benefit to increase medical contribution, Mr. Tanco replied he did not consider Ms. Mullins deserved same but, although seemly excluding plaintiff Mullins from the benefit, no discriminatory reasons were provided. Plaintiff considers said event as Mr. Tanco having witnessed a hostile incident as to Mullins but no unlawful discriminatory animus, regardless of attributing bad faith to Ferrer can be reasonably developed from said statement. (*Id., pp. 46, 48*).

In defendants' request for summary disposition, defendants submit then Director Angel Ferrer provided a letter to the Secretary of Labor when denying the $175.00 to plaintiff, because of unsatisfactory performance and plaintiff was informed then by co-defendant Meliá of the reasons for the denial.  (*Defts' Uncontested ¶19-e*).

As to the incident with some co-workers, the same took place long after the filing of the complaint, in March 12, 2010, between co-workers Chez, Aulet and plaintiff Mullins in Mr. Colón-Burgos' office.  Defendant Colón-Burgos did not participate in the incident between the co-workers except to intervene between those involved so that plaintiff Mullins could leave the office as she was requesting.  Plaintiff submits as basis for retaliation, the ensuing investigation by Yolanda Acevedo and the resulting suspension because of the scuffle and the yelling outside Colón-Burgos' office.  Plaintiff Mullins nor Mr. Tanco agreed with the disciplinary measures which were taken as to all the participants for she considers being the one who suffered the assault from other co-workers.

## LEGAL DISCUSSION

### A.   Title VII - Discrimination based on Sex or Gender.

Notwithstanding both parties contentions, all that can be assumed from plaintiff Mullins' claims is defendants, some of them supervisors over plaintiff, were considered to act disrespectful towards her, disregarding her experience and capacity. None of the claims, however, rise to the level of discrimination on account of age or disability which could be properly sustained by the evidence.

Although the averments of the complaint establish, indeed, there was a general lack of civility and healthy interpersonal relations in the Bureau of Arbitration to which both plaintiff Mullins and co-workers have significantly contributed, Title VII nor ADEA provides for a general civility code for the workplace. Ahern v. Shinseki, 629 F.3d 49 (1st Cir. 2010) (citing Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68, 126 S.Ct. 2405 (2006); Ocale v. Sundowers Offshore Services, Inc., 523 U.S. 75, 80, 118 S.Ct. 998 (1998)).[6]

Moreover, as the Court of Appeals for the First Circuit has observed elsewhere, "[t]he workplace is not a cocoon, and those who labor in it are expected to have reasonably thick

---

[6]   See Faragher v. City of Boca Raton, 524 U.S.,775, 788, 118 S.Ct. 2275 (1998) (judicial standards for sexual harassment must filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing' "). An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience. See 1 B. Lindemann & P. Grossman, Employment Discrimination Law 669 (3d ed.1996) (noting that "courts have held that personality conflicts at work that generate antipathy" and " 'snubbing' by supervisors and co-workers" are not actionable under § 704(a)).

skins." <u>Suárez v. Pueblo Int'l, Inc.</u>, 229 F.3d 49, 54 (1st Cir. 2000); <u>Rosario v. Department of the Army</u>, 607 F.3d 241 (1st Cir. 2010). [7]

In addition, any claims of plaintiff as to the individual co-defendants, to wit, Ramón Velasco-González, Angel F. Ferrer-Cruz, Andrés Espinosa-Ramón, Sandra Arroyo-Dávila, Madeline Meliá-Muñoz, and José Colón Burgos, that is, except for the Department of Labor under Title VII, would be improper for there is no individual liability either under Title VII nor the ADEA.[8] <u>Correa-Ruiz v. Fortuño</u>, 573 F.3d 1 (1st Cir. 2009); <u>Correa-Ruiz v. Calderón Serra</u>, 411 F.Supp.2d 41 (D. Puerto Rico 2005).

Even when a plaintiff may be considered to have established a *prima facie* case of discrimination and/or retaliation, once defendant articulates a legitimate, non-discriminatory reason for the employment decision, plaintiff is to produce credible evidence to show the reason advances was but a pretext for discrimination and not the real reason behind defendants' action. <u>McDonnell Douglas Crop. v. Green</u>, 411 U.S. 792, 802-05, 93 S.Ct. 1817 (1973); <u>Freadman v. Metropolitan Property and Cas. Ins. Co.</u>, 484 F.3d 91, 99-100 (1st Cir. 2007) (referred as burden shifting mechanism).  Once justification for defendants' actions is presented in suitable evidentiary form, the presumption of discrimination is suspended. <u>Thompson v. Coca-Cola Co.</u>, 522 F.3d 168, 176 (1st Cir. 2008).

---

[7]  The discussion below as to hostile work environment claims further addresses the events raised by plaintiff's Amended Complaint.

[8]  See Docket No. 48 wherein, in granting the Motion to Dismiss as to the original complaint, the Court ruled dismissal with prejudice of plaintiff's Title VII, ADA and ADEA claims in each of defendants' individual capacity and the individual liability claims against defendants were dismissed with prejudice.  However, plaintiff's request for injunctive relief under these statutes remained.  The pendent state claims survived.  Same ruling applies to any supplemental pleading in the Amended Complaint.  (Docket No. 109).

Betty Ann Mullins vs. Department of Labor, et al
Civil No. 08-1422 (CVR)
Opinion and Order
Page No. 21

Plaintiff Mullins does not rebut what transpired and as demonstrated by defendants' personnel record.   Rather she questions the real reason for the actions as being discriminatory.  No evidence except for plaintiff's subjective interpretation of the events is presented as reason for the alleged discrimination because of disability, age or gender and even Mr. Tanco's statement of "discrimination" does not refer to illegal or sanctioned type of employment discrimination but rather to considering it unfair for plaintiff to have been excluded of the $175.00 benefit.

**B**.  **Retaliation Claims.**

Plaintiff Mullins has also alleged retaliation because of her numerous complaints and grievances during her tenure at the Bureau.   Defendants have submitted also in chronological order the reasons behind each and every disciplinary employment action referred by plaintiff as far back as 2004.

Still, a plaintiff may assert a claim for retaliation even if failing to succeed on a disability claim or similarly sex, gender discrimination. To establish a *prima facie* claim of retaliation a plaintiff must show he/she engaged in protective conduct.  Plaintiff Mullins herein has established she did file several grievances, complaints, court actions and claims related to her employment and conditions she considered affected her work.  Retaliation claims also have to establish that plaintiff suffered adverse employment action. *See* Gu v. Boston Police Dep't., 312 F.3d 6, 14 (1st Cir. 2002); *see also* Calero-Cerezo v. Dept. of Justice, 355 F.3d 6, 25 (1st Cir. 2004).

Plaintiff must also establish causation, that is, a causal connection between the adverse employment action and the conduct.   It is then for defendant to establish

Betty Ann Mullins vs. Department of Labor, et al
Civil No. 08-1422 (CVR)
Opinion and Order
Page No. 22

legitimate, nondiscriminatory reasons for the employment decisions under the burden

shifting mechanism. Once defendant submits same, it is again plaintiff the one to show that

defendants' proffered reason are but a pretext to mask retaliation.

Timing may bear on the question of causation in a retaliation claim, but a narrow

focus on timing may ignore the larger sequence of events and also the larger truth. Vera v.

McHugh, 622 F.3d 17, 34 (1st Cir. 2010) (citing Freadman, 484 F.3d at 100-01). The

evidence proffered by plaintiff Mullins as to retaliation is the same chain of events

presented above in regard to adverse employment action because of discrimination. In

summary judgment, a genuine issue of material fact is placed in controversy with evidence

about the fact such that a reasonable jury could resolve the point in favor of the non-moving

party upon some credibility or evidentiary determination.

A plaintiff who lacks direct evidence of discrimination may still rest on

circumstantial evidence to establish a discriminatory motive, but it must rest on more than

plaintiff's averments and flow from a reasonable chain of events from which such inference

may be drawn for such a triable issue to survive summary adjudication. Enica v. Principi,

544 F.3d 328 (1st Cir. 2008). A court is not obliged to accept as true or deem as disputed

material fact each and every unsupported, subjective, conclusory, or imaginative statement

made to the Court by a party. See García v. Bristol-Myers Squibb Co., 535 F.3d 23, 33 (1st

Cir. 2008); Torrech-Hernández v. Gen. Elec. Co., 519 F.3d 41, 47 (1st Cir. 2008)

Plaintiff Mullins has not demonstrated weakness, implausibilities, inconsistencies

nor contradictions in defendants' explanation and, as demonstrated by the personnel

record, substantiated employment action, from which an inference can be drawn the

Betty Ann Mullins vs. Department of Labor, et al
Civil No. 08-1422 (CVR)
Opinion and Order
Page No. 23

reasons given were pretextual.  Besides the general hostility between co-workers, as to

which plaintiff Mullins was also a participant, and which was not rooted on discriminatory

reasons, but personality clashes and general lack of civility as above discussed, for which

the averments in the complaint and plaintiff's opposition as to summary judgment for

claims of  retaliation fail to deter the disposition of the claims.

Thus, it is this Magistrate Judge's opinion federal claims submitted for retaliation

should be summarily denied.

**C.    ADEA**.

The ADEA makes it unlawful for an employer to take an adverse employment action

against an employee who is forty years of age or older on the basis of his/her age.  Title 29,

United States Code, Sections 623(a), 631(a).  Plaintiff Mullins has made a claim under

ADEA for being over forty (40) years of age, being qualified for the position, and having

suffered adverse employment action because of age.

Ms. Mullins has objected to having job duties which were complex cases and

negotiations assigned to younger individuals at the Arbitration Bureau. She has also

objected because of denials of job advancement, that is, being selected to higher positions,

and favoring of younger persons with less qualifications than plaintiff in the assignment of

duties.  As evidence of the remarks as to age, plaintiff refers only to the anonymous posting

of a photo at her door office showing  an old lady with a liquor bottle.

Defendants have submitted that plaintiff Mullins' alleged pattern of disparate

treatment in case assignment upon the alleged habit of assigning complex matters to

younger mediator/arbitrator instead than to her is merely an unsupported allegation.

There is evidence the assignment of mediation task and distribution of cases was essentially equal among mediators. (*Deft's Uncontested ¶29, Exhibit 23*).  As to job advancement in reference to two (2) younger employees being once provided a training instead of plaintiff and affording an opportunity to someone other than plaintiff to attend a seminar cannot establish plaintiff endured an adverse employment action or the conditions of her employment were affected.      Hence, absent direct evidence of discrimination, the employer may avail  itself of the <u>McDonnell Douglas</u> burden-shifting framework.   The employee is the one who shoulders the ultimate burden of proving that his/her years were the determinative factor in the adverse employment action, that is, that it would not had been taken except for his/her age. <u>Torrech-Hernández v. Gen. Elec. Co.</u>, 519 F.3d 41, 48 (1st Cir. 2008).

Having examined defendants' submission and plaintiff's position, there is no *prima facie* showing of age discrimination in that the employer engaged in intentional age-based discrimination.  <u>Vélez v. Thermo King de P.R.</u>, 585 F.3d 441, 447 (1st Cir. 2009); <u>Suárez v. Pueblo Int'l Inc.</u>, 229 F.3d 49, 53 (1st Cir. 2000).[9]

Even if for the purpose of discussion it is assumed said *prima facie* age discrimination claim was established, plaintiff Mullins still has been unable at the second and third stage to meet the burden-shifting criteria the employer's submission as non-discriminatory reasons and even the non-existence of adverse action were but a pretext for age discrimination.

---

[9]   At said first stage the non-discriminatory reasons for an adverse employment action is not considered. <u>Meléndez v. Autogermana, Inc.</u>, 622 F.3d 46 (1st Cir. 2010).

As such, claims under the ADEA should be dismissed.

**D.    ADA.**

As to plaintiff's claims under the ADA, she refers to situations at work in the years 2004-2006 where she had complained for lack of good ventilation, bad odors, and sunlight to which she was exposed against her sensibility to light.  Plaintiff, however, did not rebut defendants' evidence she was afforded reasonable accommodations requested for her various complaints, including being granted her request for office location, ergonomic chair, work from her home while she recovered from an accident, as well as placing insulated material on the windows, air conditioning, and air filters, parking facility and leaves of absence.  (*Defts' Uncontested , Exhibits 6, 7, 8, 9, 10-12*).

Succinctly, plaintiff Mullins reference in the complaint may be construed as alleged discrimination because of her claimed disability or health condition.  In order to allege an actionable "regarded as claim, under ADA, a plaintiff must select and identify the major life activity that she will attempt to prove the employer regarded as being substantially limited by her impairment. Americans with Disabilities Act of 1990,  3(2), 42 U.S.C.A.  12102(2); 29 C.F.R.  1630.2(*l*).  *See* Ruiz Rivera v. Pfizer Pharmaceuticals, LLC., 521 F.3d 76 (1ˢᵗ Cir. 2008).  The second requirement for a *prima facie* case, we must analyze whether the individual can perform the essential functions of her position without reasonable accommodation; and if not, whether any reasonable accommodation by her employer would allow her to do so. Phelps v. Optima Health, Inc.*,* 251 F.3d 21, 25 (1st Cir.2001). "An 'essential function' is a fundamental job duty of the position at issue ... [it] does not include the marginal functions of the position.  Kvorjak v. Maine, 259 F.3d 48, 55 (1st Cir.2001) .

Plaintiff has not submitted pleadings sufficient for an ADA claim for merely relying on her medical diagnosis and/or alleged health conditions is insufficient.  Still, the only reasonable construction of her ADA reference in the complaint is but for suffering retaliation because of the filing of grievances and/or claims as to her work conditions and accommodation requests. Still, an ADA plaintiff need not succeed on disability claim to assert claim for retaliation. Americans with Disabilities Act of 1990, § 503(a), 42 U.S.C.A. 12203(a); Soileau v. Guilford of Maine, Inc., 105 F.3d 12, 16 (1st Cir.1997)(*citing* Mesnick v. Gen. Elec. Co., 950 F.2d 816, 827 (1st   Cir.1991)); *see also* Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico, 160 F.Supp.2d 188, 198 (D. Puerto Rico 2001).

Retaliation because of ADA must be more than an action suffered because of comments plaintiff considered improper and/or incorrect.  To establish *prima facie* claim of retaliation under ADA  employee must show that she was engaged in protected conduct, that she was discharged or suffered adverse action, and that there was causal connection between discharge or adverse employment action and the protected conduct. Americans with Disabilities Act of 1990, § 503(a), 42 U.S.C.A. § 12203(a).  Soileau, 105 F.3d at 16 (*citing* Wyatt v. City of Boston, 35 F.3d 13, 15 (1st   Cir.1994)).

Plaintiff Mullins may have established the *prima facie* phase of retaliation as to her ADA claim for having shown to have engaged in the protected conduct of seeking reasonable accommodation and filing several claims against her employer –protected conduct. Plaintiff Mullins is also to establish having suffered an adverse employment action and a causal connection between the protected conduct and the adverse employment action. Even if construing for convenience, without deciding, determining all the proffered

evidence in favor of non-movant of having made her *prima facie* case of retaliation under

ADA, defendants herein have shown, through the burden shifting criteria, they complied

with each and every request for accommodation and, thus, have rebutted plaintiff's

averment she endured retaliation as to accommodation.[10]

Defendants have also submitted, in this commingled claims of retaliation because

of ADA, ADEA, gender and age discrimination and hostile environment which may appear

herein repetitive of other discussed claims,  that any alleged adverse employment action

–the ones discussed to substantiate other matters plaintiff's claims against defendants–

were not motivated by discrimination or retaliation but by plaintiff's poor work

performance, deficient work out-put, or general insubordination as shown by defendants'

undisputed facts. (*Deft's Uncontested ¶ 19*).[11]  Defendants have also shown evidence that

no disparate treatment of plaintiff ensued for she is indeed the highest ranking, among the

highest paid mediator/arbitrators the Department of Labor has to offer, in comparison to

any other employee, male or female, younger or older than she. (*Id. ¶¶3- 4*).  In terms of

case assignment or active case load, plaintiff Mullins is currently second in terms of

caseload consisting of approximately three hundred (300) cases, of varying complexity,

which is equal to or greater than any competing mediator/arbitrator, whether male or

female, younger or older than plaintiff Mullins. (*Id. ¶ 22*).  Finally, since 2004, plaintiff has

---

[10] Once plaintiff makes a *prima facie* case of retaliation under ADA, burden shifts to employer to articulate a legitimate, nondiscriminatory reason for its employment decision; this burden is one of production, not persuasion. Carreras v. Sajo, Garcia & Partners, 596 F.3d 25 (1st Cir. 2010).  Plaintiff bears the ultimate burden to create a plausible inference that employer had a retaliatory motive.

[11] ADA is not a license for insubordination at the workplace.  Reed v. LePage Bakeries, Inc., 244 F.3d 254, 262 (1st Cir. 2001).

been denied only one pay increase, in the amount of $175.00. Said denial was based strictly on a performance evaluation which yielded that plaintiff was being sanctioned for insubordination and it was certified that, at the time, the plaintiff was considered not to qualify for said $175.00 pay increase. (*Defts' Uncontested ¶ 19-E*).

Thus, as to ADA retaliation, having defendants established legitimate reasons for the decision, it is for plaintiff to meet the ultimate burden to create a plausible inference that the employer had a retaliatory motive and such motive was one grounded on discrimination because of her disability or the protected conducted under the law provisions. Benoit v. Technical Mfg. Corp., 331 F.3d 166, 174 (1st Cir. 2003). As such, plaintiff Mullins bears the ultimate burden of showing the reasons provided by defendants for the claimed retaliation were but a pretext. Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 54 (1st Cir. 2000); Champagne v. Servistar Corp., 138 F.3d 7 (1st Cir. 1998). An employee establishes pretext by showing weaknesses, implausibilities, inconsistencies, incoherence or contradictions in the employer's proffered legitimate reasons. Santiago-Ramos, 217 F.3d at 56.

Once the moving party makes a sufficient preliminary showing that no genuine issue of material fact exists, non-movant must show, to defeat summary judgment, there is a factual dispute, without relying on improbable inferences, conclusory allegations or rank speculation. Faiola v. APCO Graphics, Inc., 629 F.3d 43 (1st Cir. 2010); Ingram v. Brink's, Inc., 414 F.3d 222, 228-29 (1st Cir. 2005). It is not sufficient for plaintiff to impugn the

veracity of the employer's justification, but must elucidate specific facts that would enable a jury to find the reasons given is not only s sham, but a sham intended to cover up employer's real motive. Champagne v. Servistar Corp., 138 F.3d at 13.

Plaintiff Mullins has failed to produce said evidence except for her feeling that she was discriminated and she had suffered retaliation as a result of her accommodation claims because of the alleged disability.

**E.     Gender Discrimination - Hostile Work Environment.**

Plaintiff Mullins has also submitted a chronological reference as of the year 2004 of events labeled as discrimination which she claims to amount to a hostile work environment.

To establish a *prima facie* case for a hostile work environment a plaintiff must be able to prove that she: (1) is a member of a protected class; (2)  was subjected to harassment; (3) the harassment was based upon sex, gender or age; (4) the harassment was sufficiently severe or pervasive so as to alter the conditions of plaintiff's employment and create an abusive work environment; (5) the objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so; and (6) that some basis for employer liability has been established. O'Rourke v. City of Providence, 235 F.3d 713, 728 (1st Cir.2001).

Hostile environment because of  harassment occurs when one or more supervisors or co-workers create atmosphere so infused with hostility toward members of one sex, age or gender that they alter conditions of employment for them.  In rebuttal, defendant may show that offense did not take place or that they were isolated or genuinely trivial. Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 106 S.Ct. 2399 (1986). An employee may recover

on hostile work environment when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive and most hostile work environment are bred from ongoing series of harassing incidents. Lipsett v. University of Puerto Rico, 864 F.2d 881 (1st Cir. 1988).

When co-workers, rather than supervisors, are responsible for the creation and perpetuation of hostile work environment, the employer can only be liable if the harassment is causally connected to some negligence on employer's part.  Typically, this involves showing the employer knew or should have known about the harassment, yet failed to take prompt action to stop it.  Noviello v. City of Boston, 398 F.3d 76 (1st Cir. 2005).

Whether the conduct or events complained to constitute hostile work environment, besides the frequency of the conduct and its severity, it is examined whether it is physically threatening or humiliating or a mere offensive utterance, and whether it unreasonable interferes with the employee's work performance.  Prescott v. Higgins, 538 F.3d 32, 42 (1st Cir. 2008); Torres-Negrón v. Merck & Co., Inc., 488 F.3d 34, 39 (1st Cir. 2007).

It is plaintiff Mullins' contention of a hostile environment, besides the incidents above discussed under the other causes of action,  that she felt harassed, persecuted and under a hostile work environment under co-defendants Ferrer, Meliá and Román Velasco. This affected her productivity. (*Plaintiff's Uncontested ¶10 (Docket No. 145-1)*.  The relevant and uncontested events that were perceived as clear hostility in employment are one wherein Mr. Tanco witnessed what was considered a hostile incident towards plaintiff in reference to her benefits.  (*Id. ¶12; Tanco's depo. pp. 45-48*).  The only reason for her exclusion from the benefits was bad faith.  (*Id. ¶13*).  Notwithstanding, an examination of

Betty Ann Mullins vs. Department of Labor, et al
Civil No. 08-1422 (CVR)
Opinion and Order
Page No. 31

this reference shows the benefit referred to by plaintiff was for being denied the $175.00 compensation around October 31, 2006, by then director Ferrer. Plaintiff indicated Ferrer had retired by September 30, 2006. (*Plaintiff" Uncontested ¶¶ 95, 102*).  Defendant has submitted denial of benefits was due to work productivity and considering plaintiff did not deserve same.

Another act of hostility is the incident between co-workers Chez and Aulet in March 12, 2010, outside of Colón Burgos' office when plaintiff was held with the door closed although attempting to leave until the subject of co-workers' controversies were discussed and claiming plaintiff had been taking photos.  Plaintiff Mullins submits Mr. Tanco's statement, which in turn he had obtained from the real witness of the incident, Mr. Colón-Burgos.  A report of the incident was prepared by Ms. Acevedo but Mr. Tanco indicated not knowing about the investigation conducted by Ms. Acevedo.  Plaintiff Mullins considers the suspension from work because of this incident was not warranted for she was the victim.

Defendants have submitted all those participating in the March 12, 2010 incident were equally suspended for the employer required some time to investigate and to dissipate the security concerns while an investigation was conducted.  The investigation report and its finding in support were also submitted by defendant in support of their motion for summary disposition. Mr. Tanco was not a witness to the incident, which happened indoors at the office of co-defendant Colón Burgos with the participation of plaintiff Mullins and co-workers Aulet and Chez.  Plaintiff Mullins' lack of agreement with the initial discipline of suspension is not consonant with a finding of harassment by the employer for an employer should be accorded some flexibility in selecting a sanction for a particular instance of

Betty Ann Mullins vs. Department of Labor, et al
Civil No. 08-1422 (CVR)
Opinion and Order
Page No. 32

employee misconduct and such discipline need not be such as will satisfy all the parties. Wilson v. Moulison North Corp., 639 F.3d 1 (1ˢᵗ Cir. 2011).

The most serious and recent incident is the one of March 12, 2010 arising from a constellation of former factors that led to friction between plaintiff Mullins and her co-workers.[12]  Still, no reasonable fact finder could conclude on the basis of this single isolated incident or the general atmosphere in the Conciliation Bureau or from plaintiff's proffered evidence that one of the factors for the incident was on account of a discriminatory animus towards plaintiff's claimed disability, age or gender, from which a Title VII violation, an ADA or ADEA claim could properly emanate.[13]  Even despite a showing of personal animosity, relief is denied for said animus did not cause the employee to be treated any differently from similarly situated co-workers.  DeNovellis v. Shalala, 135 F.3d 58, 66 (1ˢᵗ Cir. 1998).

It is for plaintiff to present evidence the harassment is based on plaintiff's gender or one of the categories protected by the cited federal provisions.  Oncale v. Sundower Offshore Servs., Inc., 523 U.S. 75, 80, 118 S.Ct. 998 (1998).  Title VII does not prohibit all verbal and/or physical harassment in the workplace, but is one directed only at discrimination because of the protected category.  Rivera v. Puerto Rico Aqueduct and

---

[12]  The record is undisputed that plaintiff Mullins had been critical of her co-workers and had on numerous occasions complained to management of others holding meetings or conversations, because it interrupted her concentration at work.  She also had filed orders of protection against several of her co-workers and supervisors.  Plaintiff had complained of not being selected for a position although as to one of the position she indicated having no interest in holding same.  Plaintiff Mullins did feel she was mocked and subject of disrespect, but no particular statement is depicted dealing these events as related to age or gender.  Plaintiff felt offended when her supervisor interrupted a conversation with another co-worker considering it as unprofessional and demeaning to her position.

[13]  Plaintiff fell harassed when unidentified individual posted a photo inside her office door showing an old lady with a liquor bottle and at another instance when a note with a pink colored magic marker was left at her office.

Betty Ann Mullins vs. Department of Labor, et al
Civil No. 08-1422 (CVR)
Opinion and Order
Page No. 33

Sewer Authority, 331 F.3d 183, 189-91 (1st Cir. 2003) (upholding summary judgment for employer where plaintiff was subjected to uninvited rude and unprofessional conduct the court assumed to be severe and pervasive but was not engaged in because of religion).

Plaintiff has failed to show  the harassment was sufficiently severe or pervasive so as to alter the conditions of plaintiff's employment and create an abusive work environment.  As such, the claims of hostile work environment are denied.

**F.    Equal Pay Claims.**

Plaintiff Mullins also raised a general claim of equal pay violation at Amended Complaint, Docket No. 109 ¶¶60-61.  See 29 U.S.C. § 206(d) --Equal Pay Act, which prohibits discrimination for equal work on jobs the performance of which are under similar working conditions, except when payment is made on seniority system, merit system, system which measures earnings by quantity or quality of production of differential based on any other factor other than sex.  Besides the averments of the complaint, plaintiff has totally failed to address the inequalities claimed and how these compare to her position as the highest rank officer Mediator/Arbitrator IV and of being the third highest paid in the Bureau.  Neither has plaintiff denied defendants' undisputed facts, with the personnel information to substantiate the claim, that there were ten (10) other employees in the same position, male or female, and over forty years of age, and these had more seniority and experience than she had. Gu v. Boston Police Dept., 312 F.3d at 15.

Plaintiff has not established, even *prima facie*, that she has received a decrease in salary, denied benefits or opportunities or compensation, in comparison to individuals, male or female, performing her duties and position.  Except for Ms. Melía, who has more

seniority than plaintiff, and is also a person of protected age, there is no higher salary or classification or ranking, that would support the claim presented.

## G. **Pendent State Claims.**

Pendent jurisdiction exists whenever there is a claim arising under the Constitution, the Laws of the United States, and treaties made under their authority and the relationship between that claim and the state claim can be found to constitute, but one constitutional case. The state claims must be linked to the federal claim by a "common nucleus of operative facts", and must be sufficiently substantial to confer federal court jurisdiction. United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966); Marrero Gutierrez v. Molina, 491 F.3d 1, 7 (1st Cir. 2007).[14]

In Gibbs, 383 U.S. at 726, the Supreme Court ruled a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. See Martínez v. Colón, 54 F.3d 980, 990 (1st Cir. 1995).

In the absence of surviving federal claims herein, this Court declines to exercise jurisdiction over state pendent claims which are DENIED without prejudice.

---

[14] While a district court may exercise supplemental jurisdiction over non-federal law claims, the court may also decline to exercise supplemental jurisdiction over a claim, if the district court has dismissed all claims over which it has original jurisdiction.

Betty Ann Mullins vs. Department of Labor, et al
Civil No. 08-1422 (CVR)
Opinion and Order
Page No. 35

## CONCLUSION

In view of the foregoing, summary judgment is allowed as to individual co-defendants for lack of personal liability under the federal statutes at issue.  Furthermore, summary judgment, as requested by all defendants as to federal claims, is GRANTED. (Docket No. 120).

Judgment to be entered accordingly, dismissing all federal claims with prejudice and dismissing state pendent claims without prejudice.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 20th day of June of 2011.

S/CAMILLE L. VÉLEZ-RIVÉ
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE