IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BETTY ANN MULLINS,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF LABOR OF PUERTO RICO, *et al.,*<br><br>Defendants. | CIVIL NO: 08-1422 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Betty Ann Mullins ("plaintiff Mullins") filed claims against defendants, including her employer the Department of Labor, a Puerto Rico government agency, for discrimination due to violation of her rights on the basis of sex as provided by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; and on the basis of her age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Plaintiff further claims discrimination in violation of the Americans with Disabilities Act, ("ADA") 42 U.S.C. § 12101 *et seq.*, supplemental jurisdiction under state law, and discrimination in violation of the Equal Pay Act, 29 U.S.C. § 206 (d). (Docket No. 109).

After conclusion of the discovery proceedings and numerous procedural hurdles as to plaintiff Mullins' claims, upon defendants' motion for summary judgment and plaintiff's opposition thereto, this Magistrate Judge ruled for defendant granting summary judgment. On June 21, 2011, judgment was entered dismissing the complaint. (Docket Nos. 162 and 163).

Betty Ann Mullins v. Dept. of Labor, et al.
Civil No. 08-1422 (CVR)
Opinion and Order
Page No. 2

Defendants submitted a bill of costs which was opposed by plaintiff's legal representation, and upon order from the Court thereafter, the Clerk of Court taxed the amount of $9,487.43 against plaintiff. (Docket No. 170).[1] On July 11, 2012, the Clerk of Court revised its taxation of costs as previously issued on August 8, 2011, and reduced taxes costs to the amount of $6,202.43 against plaintiff Mullins. (Docket No. 186).[2]

No timely appeal from judgment was filed by plaintiff Mullins. On June 19, 2012, almost one year from the judgment being issued, plaintiff Mullins filed a *pro se* request for relief from judgment under Fed.R.Civ.P. 60(b)(3) and (6), which she amended on June 25, 2012. (Docket Nos. 181 and 183). Defendants filed their response. (Docket No. 187). Plaintiff Mullins then filed a reply on August 8, 2012. (Docket No. 190).

Plaintiff Mullins submits that judgment entered dismissing all claims should be set aside due to the alleged fraud by defendants and for any other reasons that justify relief under the Court's equitable consideration of the case. Plaintiff Mullins addresses the uncontested facts and the supporting documentation which this Court already considered when ruling on the motion for summary judgment and now objects, at times, to her own legal representation's answers as submitted at the time. Plaintiff Mullins also considers the alleged facts presented by defendants in support of the motion for summary judgment as misleading for either lacking proper discovery to plaintiff or for being alleged false

---

[1] On October 4, 2011, counsel for plaintiff, Atty. Erick Morales Pérez, filed for withdrawal of legal representation. The request was granted. (Docket Nos. 179 and 180).

[2] Plaintiff Mullins' request for reconsideration of assessed bill of costs filed on July 20, 2011 will be ruled upon by separate order. (Docket No. 189).

statements resulting from defendants' misconduct. (Docket No. 183).

Defendants' response to plaintiff's request for relief from judgment states the same is time barred and no clear and convincing evidence was provided to sustain plaintiff's contentions of fraud and/or misrepresentation. Defendants further submit plaintiff Mullins was afforded ample opportunity to seek remedy to the alleged discovery shortcomings she now claims, when she was still represented by her retained counsel, and the mere fact that she was not successful in her employment discrimination claims should not justify the relief now sought. Additionally, defendants aver plaintiff Mullins has failed to make a showing of having a good defense from which her main action would have prevailed, except for her subjective interpretation and mere attempt to relitigate the merits of her previous claims as ruled in the Court's Opinion and Order granting summary judgment. (Docket No. 162).

Plaintiff Mullins' reply opposed defendants' claim the request for relief from judgment is time barred for regardless of their contention that there was a leap year, her filing was timely. Moreover, plaintiff Mullins contends that, to support her statements, she must have provided clear and convincing evidence of fraud, for which reason the documentation attached to her motion consists of public documents that are considered to establish a high probability of disputed facts. As to other documents alleged to be false, plaintiff Mullins admits she lacks the evidence but still claims the information which is kept by defendants may be verified with employees' files and testimonies that are therein listed.

Also, plaintiff Mullins in her reply renews her economic hardship as to costs of litigation while stating defendants have been paying their legal representation from public

Betty Ann Mullins v. Dept. of Labor, et al.
Civil No. 08-1422 (CVR)
Opinion and Order
Page No. 4

funds. However, said argument totally disregards that in fact the defendants were sued as a state government agency and as plaintiff's employer, and other who are also public employees who under state law are provided with legal representation. Plaintiff Mullins concludes her arguments for relief of judgment blaming the resulting summary adjudication of her claims to her own retained counsel stating he failed, in her opinion, to properly represent her and finally submits the Court violated her due process by failing to entertain her claims on the merits. (Docket No. 190, p. 5, ¶6; Docket No. 183, p. 23).

## LEGAL ANALYSIS

Under Rule 60(b)(6) courts are vested with the equitable powers "to vacate judgments whenever such action is appropriate to accomplish justice." This "catch-all" provision is reserved for "extraordinary circumstances" where the moving party is faultless. Courts conduct a case-by-case inquiry to determine if relief is appropriate under Rule 60(b)(6), balancing the need for the finality of judgments and the interests of justice. Courts generally will not grant relief under Rule 60(b)(6) for an error that could have been corrected on a direct appeal.

The decision to grant or deny relief under the catch-all provision of the rule setting forth the grounds for relief from judgment is inherently equitable in nature. Ungar v. Palestine Liberation Organization, 599 F.3d 79 (1st Cir. 2010).

Under Fed.R.Civ.P. 60(b)(3), alleging fraud on the court is considered an extraordinary circumstance meriting relief under Rule 60(b)(6). Notwithstanding, not every instance of non-disclosure merits the same judicial response. The party requesting

Betty Ann Mullins v. Dept. of Labor, et al.
Civil No. 08-1422 (CVR)
Opinion and Order
Page No. 5

relief for said fraud must demonstrate misconduct—like fraud or misrepresentation—by clear and convincing evidence, and must then show that the misconduct foreclosed full and fair preparation or presentation of its case since the rule does not focus on a perceived erroneous judgments, but on judgments which were unfairly procured. When wrongful withholding of discovery material makes it inequitable for the withholder to retain the benefit of the verdict, the aggrieved party should not be required to assemble a further showing.  *See* Anderson v. Cryovac, Inc., 862 F.2d 910 (1st Cir. 1988).

**A.  Relief from Judgment for Allegations of Fraud.**

Plaintiff Mullins submits that defendants presented false and misleading statements and/or fraudulent exhibits.  Since plaintiff presents numerous items of alleged contested facts, we succinctly present them below.  Plaintiff Mullins now avers that plaintiff was not the third highest salary in the site of employment for the salary statement she now submits is $4,046.00 and not $4,096.00 as represented by defendants.  She also submits that defendant's list of fellow employee's seniority and monthly salaries are also contrary to the truth for the information was requested in discovery and was never provided to plaintiff. Plaintiff submits her claim of unfair treatment and salaries in comparison with male and younger women at the employment site was admitted by her legal counsel without her knowledge and consent. (Docket No. 183, pp. 4-5, ¶11(a).

Plaintiff also alleges, as misleading information from defendants, that other mediators/arbitrators who earned more money than plaintiff had been in the public service more time than she had been or even if they had not, they did not start with a higher salary

than plaintiff. Plaintiff then mentions some individuals although they could not inform precisely to plaintiff how many years of public service they indeed had. (Id., p. 5, ¶11(b)). Plaintiff reiterates that Exhibit 3, submitted by defendants in their motion for summary judgment, showed inconsistencies from a simple look in comparison to defendants' allegations and the information was requested in discovery but was not produced. Once more, plaintiff Mullins states her own counsel admitted these statements without her knowledge and consent.

Thus, insofar as the inconsistencies and/or alleged misinformation above, plaintiff Mullins blames her former counsel for having admitted defendants' uncontested facts at summary judgment, without her knowledge and consent. The averment does not pass muster. First, once plaintiff Mullins voluntarily chose her attorney as her legal representative in the action filed against defendants, she cannot now avoid the consequences of the acts or omissions of her freely selected agent at the eleventh hour. *See* Link v. Wabash Railroad Co., 370 U.S. 626, 633-34, 82 S.Ct. 1386, 1390 (1962). The Court of Appeals for the First Circuit, following Link, has turned a "deaf ear" to the plea that "the sins of the attorney should not be visited upon the client." KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 16 (1st Cir.2003) (quoting Farm Constr. Servs., Inc. v. Fudge, 831 F.2d 18, 21 (1st Cir. 1987)). *See* Malloy v. WM Specialty Mortg. LLC, 512 F.3d 23, 27 (1st Cir. 2008). Secondly, plaintiff Mullins has not linked through her most recent arguments how the alleged inconsistencies or misinformation from defendants' uncontested facts, even if taking as true that her own counsel was incorrect in his admissions of defendants'

Betty Ann Mullins v. Dept. of Labor, et al.
Civil No. 08-1422 (CVR)
Opinion and Order
Page No. 7

statements without plaintiff's knowledge and consent, would have changed the opinion and order granting summary judgment for defendants.

Plaintiff Mullins further argues that she may still bring an age discrimination claim against defendants because she was replaced by an individual younger than her and for falling within the protected group established by ADEA. Under such premise, plaintiff Mullins submits as incorrect some of the alleged uncontested facts regarding the composition of the group as to age and gender in dealing with her age discrimination claim, although recognizing her retained counsel had, without her knowledge or consent, admitted to these facts. (*Id.*, p. 7, ¶11(c-d)). Even if we were to acknowledge plaintiff now does not agree with her counsel's opposition to defendants' uncontested facts at summary judgment and this was done without her consent, the legal defense that she may still sue under ADEA, if replaced by slightly younger individual than her and within the protected age group, without more, does not demonstrate that she would have been entitled to relief.

The fact that a discharged employee was replaced by someone who, while insignificantly younger, was also within the protected age group, diminishes the force of the age difference as an indicator of bias. Baralt v. Nationwide Mut. Ins. Co., 251 F.3d 10 (1st Cir. 2001)(examining age discrimination on a similar state law statute). *See* Williams v. Raytheon Co., 220 F.3d 16, 20 (1st Cir. 2000) (replacement by an insignificantly younger individual, under such age difference deemed insufficient to support a *prima facie* presumption of age discrimination). *See also* O'Connor v. Consolidated Coin Caterers Co., 517 U.S. 308, 312-13, 116 S.Ct. 1307 (1996); *See* Grosjean v. First Energy Corp., 349 F.3d

Betty Ann Mullins v. Dept. of Labor, et al.
Civil No. 08-1422 (CVR)
Opinion and Order
Page No. 8

---

332 (6th Cir. 2003) (listing exhaustively the current case law and concluding that the "overwhelming body of cases in most circuits has held that age differences of less than ten years are not significant enough to make out the fourth part of the age discrimination *prima facie* case" and construing O'Connor).

Under the same criteria, plaintiff Mullins continues with a plethora of uncontested facts she now considers as misleading in an attempt to obtain a reconsideration of the summary judgment opinion and order issued by this Court as to which no direct appeal was ever filed.[3] We believe there is no further need for the Court to recast the other arguments and alleged disputed facts that are now raised by way of a motion for relief from judgment inasmuch as they are also without merit.

**B. Relief from Judgment for Equitable Relief.**

The abuse of discretion standard for reviewing the denial of a motion for relief under the catch-all provision of the rule setting forth the grounds for relief from judgment is not considered monolithic: within it, embedded findings of fact are reviewed for clear error, questions of law are reviewed de novo, and judgment calls are subjected to classic abuse-of-discretion review. Fed.Rules Civ. Proc. Rule 60(b)(6). Relief from judgment filed pursuant to Fed.R.Civ.P. 60(b) is "committed to the district court's sound discretion." Stonkus v. City of Brockton Sch. Dept., 322 F.3d 97, 100 (1st Cir.2003). The rule provides several grounds for relief from a judgment or order, including "mistake, inadvertence, surprise, or excusable neglect," and "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1), (6). Motions

---

[3] The record in the instant case shows that plaintiff Mullins did not file an appeal to the judgment of this Court granting summary judgment for defendants.

under this rule are ordinarily granted only when exceptional circumstances are present, but "district courts have broad discretion to determine whether such circumstances exist." Ahmed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir. 1997). The contours of Rule 60(b)(6), the "catch-all" provision, are "particularly malleable," and the Court's "decision to grant or deny such relief is inherently equitable in nature." Ungar v. PLO, 599 F.3d at 83-84.

Relief from judgment cannot be obtained under Rule 60(b)(6) for any other reason justifying relief unless movant can demonstrate that "extraordinary circumstances" prevented timely appeal. See Mitchell v. Hobbs, 951 F.2d 417 (1st Cir. 1991). The Supreme Court of the United States indicated that the term "extraordinary circumstances" contemplates that the party is "faultless" or not "partly to blame." Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 393 (1993). Case law interpreting Rule 60(b)(6) is consistent that relief is not proper based upon misconduct or litigation choices made by the party seeking relief. See Blanchard v. Cortes–Molina, 453 F.3d 40, 44 (1st Cir. 2006)("To justify relief under Rule 60(b)(6), a party must show extraordinary circumstances suggesting that the party is faultless in the delay. If a party is partly to blame, Rule 60(b)(6) relief is not available."); Mitchell v. Hobbs, 951 F.2d 417, 420 (1st Cir. 1991).

Additionally, a district court, in ruling on a motion for relief from summary judgment, had no obligation to look unguided to movant's belated opposition to summary judgment motion, filed one year after judgment has been issued, in the absence of extraordinary circumstances or the existence of other grounds for equitable relief to be warranted. More so when plaintiff still fails to establish she would have grounds to obtain

judgment in her favor, not merely objecting to the judgment already issued. *See* <u>Stonkus v. City of Brockton School Dept.</u>, 322 F.3d 97 (1st Cir. 2003) (the rule providing for relief from judgment is a vehicle for extraordinary relief, motions invoking the rule should be granted only under exceptional circumstances).

While a movant, in order to set aside judgment, need not establish that it possesses ironclad claims or defenses which will guaranty success at trial, it must at least establish that it possesses potentially meritorious claim or defense which, if proven, will bring success in its wake, and such showing requires more than unsubstantiated and subjective boast she has the reason to support her original claims, for even allegations that meritorious claim exists, if allegation is purely conclusory, will not suffice to satisfy precondition to relief from judgment. *See* <u>Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline</u>, 953 F.2d 17 (1st Cir. 1992).

This Court has reviewed plaintiff Mullins' reassertions of her displeasure with the determination as to the summary judgment, to which no appeal was filed, and finds the recent filing of a motion for relief from judgment rests on unproven allegations of fraud, misrepresentations and alleged violations of her due process by her counsel and even this Court. There is no ironclad rule requiring an in-depth, multi-factored analysis in every case in which a party seeks relief under the catch-all provision of the rule setting forth the grounds for relief from judgment, more so if unsubstantiated. Fed.R.Civ.Proc. 60(b)(6).

Under the above considerations, this Magistrate Judge considers relief from judgment as requested by plaintiff Mullins is not warranted.

Case 3:08-cv-01422-CVR Document 191 Filed 09/07/12 Page 11 of 11

Betty Ann Mullins v. Dept. of Labor, et al.
Civil No. 08-1422 (CVR)
Opinion and Order
Page No. 11

**CONCLUSION**

In view of the foregoing, plaintiff's motion for relief from judgment under Rule 60(b)(3) and (6) is DENIED. (**Docket No. 181**).

IT IS SO ORDERED.

San Juan, Puerto Rico, this 7th day of September of 2012.

         s/CAMILLE L. VELEZ-RIVE
         CAMILLE L. VELEZ-RIVE
         UNITED STATES MAGISTRATE JUDGE